IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE ANIBAL IXQUIACTAP-AJPACAJA,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security, et al.,<br><br>Respondents. | | 4:26-CV-3143<br><br>MEMORANDUM AND ORDER CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He was arrested while on legal parole and asserts his detention is unlawful. The government asserts a hearing is not necessary, and the Court agrees. The Court will conditionally grant the petition.

BACKGROUND

The petitioner is a citizen of Guatemala. In January 2019, he entered the United States and was inspected near San Luis, Arizona. He was 17 years old, and was designated as an "unaccompanied alien child," or "UAC," under 8 U.S.C. § 1232(g). Under that statutory scheme, he was transferred to the custody of the Office of Refugee Resettlement and placed in a temporary shelter. A few weeks later, he was released to his father in Norfolk, Nebraska, pursuant to 6 U.S.C. § 279. Filing 1 at 2. He was released from ICE custody under certain conditions; specifically, "UAC Released to Sponsor." Filing 1-1 at

4. The petitioner was placed in removal proceedings, and was ordered to appear before an immigration judge on November 15, 2028. *See* filing 1 at 7.

The petitioner was detained in the Madison County Jail pending misdemeanor criminal charges. The federal respondents lodged an immigration detainer and issued a warrant for his arrest. Filing 1 at 7. After the petitioner posted bond for his misdemeanor case, he was detained by ICE and taken to Sioux City, Iowa. Filing 1 at 8. He is now in Dakota City, Nebraska. The petitioner asserts, and the government does not contest, that he has not violated any terms of his release.

## DISCUSSION

The Court is obviously aware of the recent Eighth Circuit decision adopting the government's interpretation of 8 U.S.C. § 1225. *See Avila v. Bondi*, No. 25-3248 (8th Cir. Mar. 25, 2026). The Court is bound by that precedent, but the petitioner's claim raises other issues of law and fact.

It's true that the petitioner is no longer a "UAC," and is not covered by the particular procedural protections that apply to that group of noncitizens. *See* 6 U.S.C. § 279(g)(2); 8 C.F.R. § 236.3(d)(2). However, when ICE released the petitioner, that release was not conditioned on him remaining a child. *See* filing 1-1 at 4. While the petitioner was not released "on his own recognizance," *see* § 279(b)(2)(B), the circumstances are analogous, and the petitioner was effectively subject to conditional parole.

For the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026), detaining an immigrant on conditional parole without providing a post-deprivation opportunity to challenge his detention offends the Fifth Amendment and due process. Therefore,

IT IS ORDERED:

1.   The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2.   The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before May 19, 2026**.

3.   If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.   **On or before May 22, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 12th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3